IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00835-BNB

BRIAN KEITH JONES,

　　Applicant,

v.

DAVID L. MICHAUD, Chairman, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

　　Respondents.

---

ORDER OF DISMISSAL

---

I. Background

According to the Notice of Change of Address filed by Applicant Brian Keith Jones on July 15, 2008, he currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Jones initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 02CR4930 in the El Paso County District Court of Colorado. In an order entered on August 13, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 29, 2008, Respondents filed a Pre-Answer. Mr. Jones filed a pleading titled "Pre-

Answer Response," on September 3, 2008, that the Court construes as a Reply to the Pre-Answer.

In the Application, Mr. Jones asserts that he pled guilty to non-consensual sexual contact and possession of controlled substance and was sentenced to one year of deferred time served, three years of probation, and two years of incarceration at the DOC. (Application at 2.) Mr. Jones also asserts that he was convicted on March 4, 2004, and filed a direct appeal. Because the information Mr. Jones provides on Page Two of the Court-approved form in part is incomprehensible the Court is not able to determine the date he filed a direct appeal of his conviction and sentence, and the date the conviction became final.

In the Pre-Answer, Respondents assert that Mr. Jones was sentenced to probation on March 4, 2004, in Case No. 02CR4930. (Pre-Answer at 1.) They further assert that Mr. Jones's probation later was revoked and he was resentenced, on January 3, 2006, to two years of incarceration in the DOC. (Pre-Answer at 2.) Respondents also assert that Mr. Jones filed a notice of appeal on August 3, 2006, in which the state court of appeals instructed him to show cause for his untimely notice of appeal and for failing to specify a final appealable order, and concluded that Mr. Jones was appealing the trial court's May 23, 2006, denial of his motion for free transcripts. (Pre-Answer at 2-3.) The state court of appeals determined that in the motion for free transcripts Mr. Jones raised three claims, including, lack of probable cause, violation of speedy trial rights, and denial of right of self-representation at a preconviction hearing. (Pre-Answer, Ex. E at 3.) The state court of appeals, on November 8, 2007, affirmed the trial court's denial of Mr. Jones's motion for free transcripts. (Pre-Answer at Ex. E.)

In the November 8, 2007, order, the court of appeals concluded that the appeal was time-barred and that the claims were waived when Mr. Jones pled guilty. (Pre-Answer, Ex. E at 4.) The state court of appeals issued a mandate on January 11, 2008, (Pre-Answer at Ex. F), and the Colorado Supreme Court denied Mr. Jones's petition for a writ of certiorari on March 14, 2008, finding that the petition was untimely, (Pre-Answer, Ex. G).

II. Analysis

The Court must construe liberally Mr. Jones's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Jones's Application is time-barred. They contend that the state record shows that he was sentenced to probation on March 4, 2004, for a drug offense, and that, pursuant to Colo. App. R. 4(b), Mr. Jones had forty-five days, or until April 19, 2004, to file a notice of appeal from the conviction and sentence. (Pre-Answer at 6.) Respondents further contend that the one-year time limitation under § 2244(d) began to run on April 19, 2004, and ended on April 19, 2005. (Pre-Answer at 6.) Respondents also contend that because Mr. Jones did not file his postconviction motion challenging his March 4, 2004, conviction until May 12, 2006, the time during which the time limitation under § 2244(d) is not tolled is greater than one year. (Pre-Answer at 6.) Respondents further assert that the postconviction motion Applicant filed on May 12, 2006, was untimely under state law and, therefore, did not toll the time under § 2244(d) because it was improperly filed. (Pre-Answer at 6.) Respondents

4

conclude that the claims Mr. Jones raises in the instant action challenge his March 4, 2004, conviction and are time-barred. (Pre-Answer at 6.)

In the Response Applicant filed on September 3, 2008, he states, in a conclusory fashion, that he has exhausted all of the state court remedies and that he has attached a copy of a minute order from the El Paso County 4th Judicial District Court.

All but one of the fourteen claims that Mr. Jones raises in the instant action pertain to his original conviction and sentence that took place on March 4, 2004. Claim Thirteen pertains to a parole proceeding that took place on September 25, 2007, and more properly is raised in a 28 U.S.C. § 2241 action.

Upon review of the state court record, as provided by Respondents, the Court finds the following. Applicant filed a letter on March 18, 2004, regarding the denial of his motion for withdrawal of his plea and ineffective assistance of counsel, and a motion on May 12, 2006, seeking to file without payment and a supporting financial affidavit in Case No. 02CR4930. (Pre-Answer at Ex. I.) To the extent that the letter filed on March 18, 2004, asserts ineffective assistance of counsel, the letter is not properly filed as a postconviction motion. (Pre-Answer at Ex. I.) "Congress did not define the attributes of a properly filed application under the Anti-Terrorism and Effective Death Penalty Act . . . ." *See Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000) (internal quotation and citation omitted). According to the Supreme Court, however, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

5

There is nothing in the state court record that indicates the letter Applicant submitted to the state trial court on March 18, 2004, was considered by the court as a properly filed postconviction motion. (Pre-Answer at Ex. I.) The May 12, 2006, motion, however, as found by the Colorado Court of Appeals, was treated by the trial court as a postconviction motion and was denied as time-barred pursuant to Colo. Rev. Stat. § 16-5-402(1). *State of Colorado v. Jones*, No. 06CA1572 (Colo. App. Nov. 8, 2007) (unpublished).

Mr. Jones's conviction was final on April 18, 2004, which is forty-five days after his March 4, 2004, conviction was entered.[1] Applicant, therefore, did not have a postconviction motion or collateral proceeding pending in state court from April 19, 2004, the day after the conviction became final, until May 11, 2006, the day prior to when he filed a postconviction motion, or from December 23, 2007,[2] the day after the forty-four days ran for filing a petition for certiorari review in the postconviction motion, until April 13, 2008, the day prior to when he signed the original Application in the

---

[1] Under Colo. App. R. 4(b) a notice of appeal must be served on the clerk of the trial court within forty-five days after the entry of judgment. Even though an applicant fails to appeal, the time during which he has to appeal is tolled for the purposes of 28 U.S.C. § 2244(d).

[2] Applicant's petition for writ of certiorari was denied as untimely on March 14, 2008. In accordance with Colorado Appellate Rules 40 and 52, Applicant had forty-four days to file a petition for writ of certiorari with the Colorado Supreme Court after the Colorado Court of Appeals affirmed the denial of his postconviction motion. Applicant's appeal of the postconviction motion was denied on November 8, 2007. Since Applicant did not file a timely petition for a writ of certiorari and the petition for a writ was denied as untimely, and assuming the court of appeals' decision was entered on the docket on November 8, 2007, his postconviction motion became final on December 22, 2007, the date he was required to submit a petition for a writ for certiorari. *See* Colo. App. R. 26(a) (intermediate Saturdays and Sundays shall be excluded).

instant action and placed the Application in the prison mail for filing in this Court, *see Houston v. Lack*, 487 U.S. 266, 270 (1988).

Mr. Jones does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that he did not know or could not have discovered the factual predicate for his claims, which challenge the validity of his conviction and sentence, at the time of his conviction and direct appeal or that there were any impediments to filing an application that were created by state action.

Therefore, the Court finds that the one-year limitation period began to run on April 19, 2004. Mr. Jones did not file his state-court postconviction motion until May 12, 2006, over two years after the conviction was final. He also did not have a postconviction motion or collateral proceeding pending in state court from December 23, 2007, until April 13, 2008, a period of almost four months. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable

neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Houston bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977-78.

Mr. Jones fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The instant action, therefore, is barred by the one-year limitation period.

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Jones has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 9 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00835-BNB

Brian Keith Jones
Prisoner No. 129556
El Paso County Det. Facility
2739 E. Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                    Deputy Clerk